IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| H & E Equipment Services, Inc. | No. CV 17-82-TUC-JAS |
| Plaintiff, | **ORDER** |
| vs. | |
| Brad Ryberg, et al. | |
| Defendants. | |

The Court has reviewed Defendants' "request for referral to magistrate judge for early settlement conference" (Doc. 26), Plaintiff's response, and Defendants' reply. In addition, the Court has reviewed the parties' briefs pertaining to the motion for injunctive relief and the motion to reconsider as to discovery.

As a review of the record shows that both parties would benefit from a settlement conference in this case, Defendants' "request for referral to magistrate judge for early settlement conference" (Doc. 26) is **granted.**

Although the Court can not force any party to settle, it is within the Court's authority to compel the parties to engage in settlement negotiations. *See*, *e.g.*, *Goss Graphics Systems, Inc. v. Dev Industries, Inc.*, 267 F.3d 624, 627 (7th Cir. 2001)("Federal courts do have authority to require parties to engage in settlement negotiations . . ."); *G. Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 652-53 (7th Cir.1989)(en banc)(finding that the district court had the authority to order a represented corporate litigant to personally appear

1  at a settlement conference and affirming the district court's imposition of sanctions as a
2  corporate representative with the authority to enter into a settlement agreement failed to
3  personally appear at the court-ordered settlement conference); *In re Novak*, 932 F.2d 1397,
4  1407 (11th Cir. 1991)("[T]he power to direct parties to produce individuals with full
5  settlement authority at pretrial settlement conferences is inherent in the district courts.");
6  Fed.R.Civ.P. 16 (granting the Court wide discretion in managing the pretrial phase of a case
7  which includes the authority to issue orders facilitating early settlement of a case); Fed.
8  R.App. P. 33 ("The court may direct the attorneys--and, when appropriate, the parties--to
9  participate in one or more conferences to address any matter that may aid in disposing of the
10 proceedings, including simplifying the issues and discussing settlement."); 28 U.S.C.
11 473(b)(5)("[E]ach United States district court . . . may include the following litigation
12 management and cost and delay reduction techniques . . . a requirement that, upon notice by
13 the court, representatives of the parties with authority to bind them in settlement discussions
14 be present . . . during any settlement conference.").

15 As such, IT IS HEREBY ORDERED that the parties shall participate in a settlement
16 conference before United States Magistrate Judge Bruce Macdonald. Magistrate Judge
17 Macdonald shall conduct the settlement conference and the parties shall comply with any
18 requirements imposed by Magistrate Judge Macdonald in relation to the settlement
19 conference. Within seven days of the filing date of this Order, the parties shall jointly
20 contact Magistrate Judge Macdonald's chambers at 520-205-4520 to schedule the settlement
21 conference. When the parties receive a date for the settlement conference, the parties shall
22 forthwith file a notice with the Court as to when the settlement conference will occur. Within
23 three days of the conclusion of the settlement conference, the parties shall file a document
24 with the Court stating whether or not the case settled.

25 If the case does not settle, within 30 days of the filing of the notice of non-settlement, the
26 Court will hold an evidentiary hearing as to Plaintiff's motion seeking injunctive relief.

27 As to the motion for reconsideration, it is granted in part and denied in part as the Court
28 will permit very limited discovery prior to the evidentiary hearing only if the settlement

conference is unsuccessful. If the case does not settle, the Court will set an evidentiary hearing approximately three to four weeks after it receives the notice of non-settlement. During the interim period before the hearing (and after the unsuccessful settlement conference), Plaintiff shall have the right to depose Defendants, and Defendants shall make themselves available for depositions at least 7 days before the evidentiary hearing.

Lastly, the motion to quash (Doc. 24) is denied as moot as the parties have resolved the dispute, and Plaintiff's motion to proceed to the next step of litigation (Doc. 40) is granted in part only to the extent the Court has addressed the next steps that will occur in this litigation in this Order.

DATED this 19th day of April, 2017.

James A. Soto
United States District Judge